UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM BAKER,

        Plaintiff,                                  Hon. Paul L. Maloney

v.                                                  Case No. 1:07 CV 4

DONNA VANDERARK, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Helen Thompson's Motion for Summary Judgment. (Dkt. #25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

## BACKGROUND

In his complaint, Plaintiff alleges that between May 20, 2004, and July 14, 2005, he was examined on several occasions by various medical personnel. (Dkt. #1). Five of these individuals, including Defendant Thompson, are named as defendants in this matter. Plaintiff alleges that Defendants have failed to properly diagnose and treat the medical ailment(s) from which he allegedly suffers. The Court has interpreted these claims as implicating Plaintiff's Eighth Amendment right to not be subjected to cruel and unusual punishment. The sole allegation asserted against Defendant Thompson is that "[o]n one occasion I was examined by Vanderark M.S.P. and Helen Thompson (RN) also negative diagnosis." Plaintiff requests that the Court order that he "be sent to a specialist" so that he may receive "proper

diagnosis and treatment." Plaintiff also requests an unspecified amount in monetary damages. *Id.* Defendant Thompson now moves for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989).

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252.

Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

Plaintiff asserts that Defendant Thompson examined him on one occasion and failed to diagnose the ailment(s) from which he allegedly suffers. As previously noted, the Court has interpreted this claim as implicating Plaintiff's Eighth Amendment right not to be subjected to cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).

The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Contemporary standards of decency are violated only by "extreme deprivations" which deprive

the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)).

If the objective standard is met, the Court must then determine whether Defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.

In other words, Plaintiff must establish either that Defendant possessed actual knowledge that he experienced a serious medical need or that the relevant circumstances clearly indicated that he was experiencing a serious medical need and, furthermore, that Defendant failed to take reasonable measures to address such. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 895-900 (6th Cir. 2004).

However, the Eighth Amendment is not implicated where prison officials are alleged to have acted negligently. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle*, 429 U.S. at 105-06). The Eighth Amendment is not a vehicle by which to constitutionalize state tort law. To the extent, therefore, that Plaintiff merely disagrees with Defendant's treatment decisions or claims that such constitute malpractice, Plaintiff fails to state a claim of constitutional magnitude. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (if prison officials responded reasonably to

a substantial risk to an inmate's health or safety, they may avoid liability – even if the harm ultimately was not averted).

In sum, to establish that Defendant acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that [Defendant] was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

In support of her motion for summary judgment, Defendant Thompson first asserts that she never even examined Plaintiff. (Dkt. #26, Thompson Affidavit). Defendant asserts that her only involvement in this matter is that she denied Plaintiff's grievance. *Id.* In his response to Defendant's motion, Plaintiff states that he "may or may not have proof" that Defendant actually examined him. (Dkt. #32 at 2). However, Plaintiff later asserts that "Defendant Thompson was unable to diagnose my condition." (Dkt. #32 at 3). Interpreted in a light most favorable to Plaintiff, the non-moving party, the Court finds that there exists a genuine factual dispute as to whether Defendant Thompson actually examined Plaintiff. Even assuming that Plaintiff was examined by Defendant Thompson, she is nonetheless entitled to summary judgment.

In his complaint, Plaintiff asserts that he was examined by Defendant Thompson on one occasion and that she failed to diagnose his condition. (Dkt. #1). In his response to the present motion, Plaintiff reiterates that "Defendant Thompson was unable to diagnose my condition." (Dkt. #32 at 3). Plaintiff's allegations *may* state a claim for negligence, medical malpractice, or some other state law tort. However, as previously noted, such claims simply do not implicate the Eighth Amendment. The Court concludes, therefore, that Defendant Thompson is entitled to summary judgment as to Plaintiff's Eighth Amendment claim.

**CONCLUSION**

As discussed herein, the Court recommends that <u>Defendant Helen Thompson's Motion for Summary Judgment</u>, (dkt. #25), be **granted** and that Defendant Thompson be dismissed from this action.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  January 7, 2008

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge