UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DEAN BAKER,
        Plaintiff,                             Case No. 1:07-cv-004
-v-

                                        HONORABLE PAUL L. MALONEY

DONNA VANDERARK, DANIEL SPITTERS,
JEREMY WESNESKI, WILLIAM NELSON,
HELEN THOMPSON and CORRECTIONAL
MEDICAL SERVICES, INC.,
        Defendants.

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS
- DEFENDANT THOMPSON'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Baker, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a § 1983 action. The lawsuit was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge. On January 7, 2008, the Magistrate Judge issued the Report and Recommendation (Dkt. No. 54) that is now before this Court. Plaintiff Baker filed a timely objection (Dkt. No. 55).

STANDARD OF REVIEW

After being served with a Report and Recommendation (R&R) issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R.

CIV. P. 72(b).

## ANALYSIS

Having read the file, including the complaint, motion and response, the R&R, Plaintiff's objection, and relevant authority, the Report and Recommendation is adopted over the objections. Plaintiff Baker's objections fail to address the substantive basis for the Report and Recommendation. Plaintiff's complaint alleges "on one occasion I was seen by Vanderark M.S.P. and Helen Thompson (RN) also negative diagnosis." (Dkt. No. 1). Defendant Thompson denied ever examining Plaintiff. (Dkt. No. 25, Affidavit attached to motion). The Magistrate Judge concluded there is a genuine issue of material fact as to whether Defendant Thompson actually examined Plaintiff. (R&R at 5). In other words, for the purpose of Defendant's motion for summary judgment, the Magistrate Judge accepted as true the fact that Defendant Thompson examined Plaintiff. Plaintiff's objection refers this Court to Grievance Form MTF 060500278012D where he claims to have "discussed my injury with Defendant several times even though she was breaking policy by doing so because she was specifically named in the grievance." (Objection at 2). Plaintiff's objection, to the extent it can be read as arguing he was examined by Defendant, is not a reason to reject the Report and Recommendation.

The Magistrate Judge recommended granting Defendant's motion because the facts alleged in the complaint, as directed at Defendant Thompson, may raise a claim for negligence or medical malpractice, but not a claim for a violation of the Eighth Amendment. (R&R at 5). The Magistrate Judge explained, to establish deliberate indifference, Plaintiff needed to show Nurse Thompson "'was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 829, 847 (1994)). The complaint alleges Defendant examined Plaintiff on one occasion. (Dkt. No. 1). In his response to the motion, Plaintiff alleges Defendant failed to give him a proper grievance investigation (Dkt. No. 32 at 2)

and that she was unable to diagnose his condition (*Id.* at 3).  The Magistrate Judge concluded those facts do not support a claim of violation of the Eighth Amendment.  Plaintiff's objection reiterates that he has repeatedly told all the defendants he is in serious pain, needs medical treatment, that he should have been referred to a specialist, and that when he finally was referred, the specialist diagnosed him with a hernia. (Objection at 3).

This Court agrees with the Magistrate Judge that such allegations do not rise to the level of a violation of the Eighth Amendment.  Plaintiff may not have received treatment for his hernia due to the defendants' collective inability to correctly diagnose his ailment.  Those facts do not establish that Defendant Thompson had subjective knowledge of the risk and failed to take reasonable measures to abate it.

## CONCLUSION

This Court agrees with the Report and Recommendation.  Defendant Thompson's motion for summary judgement should be GRANTED.  Plaintiff Baker's objections do not persuade this Court that the conclusions in the Report and Recommendation are erroneous.

## ORDER

The Magistrate Judge's Report and Recommendation (Dkt. No. 54) is **ADOPTED OVER OBJECTIONS.**  Defendants Thompson's Motion for Summary Judgment (Dkt. No. 25) is **GRANTED. IT IS SO ORDERED.**


Date:   February 5, 2008                                     /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge